# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| IN RE GRAND JURY SUBPOENA NO. 2026R00350-01 | |
| | Case No. 26-MI-0088 |

## MOTION OF THE FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS TO UNSEAL DOCKET

The Fulton County Board of Registration and Elections ("FBRE" or "Petitioner") respectfully requests this Court to unseal the docket in the above-referenced matter, including FBRE's Motion to Quash Grand Jury Subpoena (the "Motion"). As detailed in FBRE's Motion, the grand jury subpoena is the latest example of the U.S. Department of Justice ("DOJ") issuing an improper subpoena that is subject to quashal.[1] But, as explained below, nothing requires that the entire docket in this matter be sealed.

---

[1] Similarly improper subpoenas have now been quashed in multiple other districts. *See, e.g.*, *In re Grand Jury Subpoenas Nos. [Redacted] & [Redacted]*, 2026 WL 710202 (D.D.C. Mar. 13, 2026) (hereinafter, "*In re Federal Reserve Grand Jury Subpoena*") (granting motion to quash subpoena issued to the Chairman of the Federal Reserve because it was motivated by the President's political agenda of lowering interest rates); *In re Grand Jury Subpoenas to Off. of New York State Att'y Gen.*, 814 F. Supp. 3d 284 (S.D.N.Y. 2026) (granting motion to quash subpoena issued to the office of New York's Attorney General, where federal prosecutor acted outside scope of his appointment).

1

As a threshold matter, neither party requested that the entire docket be sealed. To the extent that there is any specific information on the docket that should be sealed, Petitioner respectfully requests that the sealing of such specific information be handled in due course, as opposed to the wholesale sealing of the docket.

Second, as the face of the grand jury subpoena acknowledges, "the law does not prohibit disclosure" of the subpoena itself. Given the limited number of substantive records in the docket (the motion to quash, the subpoena, and the Court's order), there is no material that requires sealing.

Third, there is no appropriate basis for continued sealing of the docket because: (1) unsealing the docket would not reveal any "matter occurring before the grand jury" contemplated by Rule 6 of the Federal Rules of Criminal Procedure; (2) a subpoenaed party such as FBRE is not prohibited from publicly disclosing any of the information in the filings to date; (3) FBRE's Motion does not contain information that is not already public;[2] and (4) the Motion implicates substantial public interest in the baseless federal investigation into Fulton County's administration of the 2020 election.

---

[2] Out of an abundance of caution, FBRE redacted the email addresses and phone numbers of DOJ employees in the Motion and its exhibit. FBRE has no objection to filing unredacted copies of those documents at the Court's direction, either under seal or on the public docket.

In short, the Motion was automatically placed on a sealed docket by the Clerk of Court—not because of any request by a party—and the continued sealing of the docket is not required or justified. Accordingly, FBRE hereby files the present motion requesting that the docket in this matter, including FBRE's Motion and any related pleadings or orders, be unsealed.

**A. Background**

On April 17, 2026, the DOJ issued a grand jury subpoena to the FBRE. *See* Grand Jury Subpoena 2026R00350-01 (the "Subpoena"), attached as Exhibit A to FBRE's Motion. That subpoena purports to require the FBRE to disclose the sensitive, personal information of thousands of Fulton County election workers and volunteers who served in the 2020 general election. *See id.* And rather than having the FBRE provide that information to a grand jury in this district, the Subpoena directs the FBRE to send that personal information to an out-of-district federal prosecutor and an FBI agent. *Id.* at 1.

Notably, DOJ did not take any steps to prevent disclosure of the Subpoena or any related grand jury investigation. On its face, the Subpoena itself notes that "the law does not prohibit disclosure." *Id.* And over three months ago, Todd Blanche, then-Deputy Attorney General and now the Acting Attorney General, stated on CNN that there was "a grand jury investigation being run by the FBI" involving Fulton

County's role in the 2020 election.[3] Indeed, those comments were made in the context of DOJ's execution of a search warrant at Fulton County's election hub in January 2026. Notably, DOJ filed the search warrant affidavit on a public docket and did not object to unsealing the affidavit. *See* Search Warrant Affidavit, *Pitts v. United States*, No. 26-cv-00809 (N.D. Ga. filed Feb. 10, 2026) (Doc. 22-2). On May 4, 2026, the FBRE filed its Motion, which identifies the numerous ways in which the Subpoena is improper and explains why the Court should quash the Subpoena.

**B. Legal Standard**

"Courts have discretion to determine which portions of the record, if any, should be placed under seal," but that discretion "is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). And "[w]here the trial court conceals the record of an entire case, making no distinction between those documents that are sensitive or privileged and those that are not, it must be shown that 'the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to that interest.'" *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th

---

[3] Tim Hains, *Deputy AG Todd Blanche: FBI Had A Warrant From Federal Grand Jury To Investigate 2020 Georgia Election Fraud Allegations*, RealClear Politics (Feb. 1, 2026), https://www.realclearpolitics.com/video/2026/02/01/deputy_ag _todd_blanche_fbi_had_a_warrant_from_federal_grand_jury_to_investigate_2020 _voter_georgia_fraud_allegations.html.

Cir. 1985)); *cf. United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1029–30 (11th Cir. 2005) (reminding the district court of its prior finding that certain "secret docketing procedures" were unconstitutional); *United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993) ("[W]e hold that the Middle District's maintenance of a dual-docketing system is an unconstitutional infringement on the public and press's qualified right of access to criminal proceedings."). As to any material relating to grand juries specifically, the Supreme Court has "repeatedly stressed that wide discretion must be afforded to district court judges in evaluating whether disclosure is appropriate." *United States v. John Doe, Inc. I*, 481 U.S. 102, 116 (1987) (listing cases).

The Eleventh Circuit also applies the common law "balance of interests" test to decide whether access to judicial records should be granted. "The test for whether a judicial record can be withheld from the public is a balancing test that weighs 'the competing interests of the parties' to determine whether there is good cause to deny the public the right to access the document." *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (quoting *Chicago Trib. Co.*, 263 F.3d at 1312). Among the factors to be considered are "whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents

5

of the records." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983). Other factors include "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

### C. Argument

As explained below, there are several compelling reasons for this Court to unseal the docket in this matter, and there is no valid interest in keeping FBRE's motion and related filings under seal.

### 1. The Docket Should Be Unsealed Because This Action Is an Ancillary Proceeding that Does Not Reveal Any Matter Before the Grand Jury.

As a threshold matter, the Subpoena on its face raises questions about whether DOJ took proper steps to ensure the "participation of the grand jury" in this matter. *See United States v. Santucci*, 674 F.2d 624, 627 (7th Cir. 1982) (explaining that prosecutors "may not use the grand jury subpoena power to gather information without the intended participation of the grand jury."). But as detailed in FBRE's Motion, the Subpoena instructs FBRE to "[s]end the subpoenaed records" to an out-of-district AUSA and an FBI special agent. Subpoena at 3; Mot. at 6–7. "Unless information reveals something about the grand jury proceedings, secrecy is

unnecessary." *United States v. Stanford*, 589 F.2d 285, 291 (7th Cir. 1978). Given the apparent lack of the grand jury's involvement in the Subpoena, neither the Subpoena nor FBRE's Motion would implicate any interest in secrecy that applies to a "matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2), (6).

Second, even if a grand jury were properly involved, resolution of a motion to quash is an *ancillary proceeding* before the Court, not part of the matter before the grand jury. *See In re Federal Reserve Grand Jury Subpoena*, 2026 WL 710202, at *11 ("Whereas grand-jury proceedings are conducted in secret before the grand jury with no judge presiding . . . ancillary proceedings are litigated through motions filed on a docket and decided by a judge outside the grand jury's presence.") (citing *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 498 (D.C. Cir. 1998)). And as the Eleventh Circuit has explained, judicial records generally include motions and supporting materials "presented to the court to invoke its powers or affect its decisions." *Romero*, 480 F.3d at 1246 (internal quotation marks and citations omitted); *see also Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361–63 (11th Cir. 2021) (explaining that "[w]hat matters" is whether a party used a document "to support an argument before the court").

Although the records in ancillary proceedings may be sealed under Rule 6(e)(6); *see, e.g.*, *In re Federal Reserve Grand Jury Subpoena*, 2026 WL 710202, at *11; that Rule is inapposite here. Specifically, Rule 6(e)(6) provides for records

7

relating to grand-jury proceedings to be "kept under seal to the extent and as long as necessary to prevent the unauthorized *disclosure of a matter occurring before the grand jury.*" Fed. R. Crim. P. 6(e)(6) (emphasis added). But "only documents that reveal some secret aspect of the grand jury investigation should be subject to the restrictions of rule 6(e)." *United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988). The filings in this case "in no way indicate[] the pattern of the grand jury investigation or the deliberations of the grand jury;" therefore, they are "not 'matters occurring before a grand jury' and are not subject to the secrecy provisions of rule 6(e)" *Id.* (quoting Fed. R. Crim. P. 6(e)).

Put simply, the filings on the docket in this ancillary proceeding are judicial records, which are "presumptively accessible to the public." *In re Federal Reserve Grand Jury Subpoena*, 2026 WL 710202, at *11 (citations omitted); *cf. Chi. Trib. Co.*, 263 F.3d at 1310–11 (discussing the general public's constitutional and common-law rights to access judicial records); *AbbVie Prods. LLC*, 713 F.3d at 63 (noting the presumptive right of public access to "materials that invoke judicial resolution of the merits") (internal quotation marks and citation omitted). Moreover, there is no indication in the record of the "extraordinary circumstances" required to maintain the entire docket under seal in this matter. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Absent a showing of extraordinary circumstances set forth by the district court in the record . . . the court file must

8

remain accessible to the public."). Given the presumptive right of access to judicial records and the absence of extraordinary circumstances compelling secrecy, this Court should unseal the docket and pleadings in this matter.

### 2. Keeping This Proceeding Under Seal Would Improperly Bind FBRE, the Subpoenaed Witness, to Rule 6(e)'s Secrecy Provisions.

This Court should unseal the docket in this matter for the additional reason that FBRE, the party seeking to unseal the docket, is the recipient of the Subpoena. As the subpoena's recipient, FBRE is permitted to disclose the contents of the Subpoena or any related grand jury testimony at will. This is because Rule 6(e) expressly provides that "[n]o obligation of secrecy may be imposed on any person" except for seven categories of persons, who "must not disclose a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2).[4] The FBRE does not fall into any of those categories,[5] so the restrictions of Rule 6(e) do not apply to it. *See United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983) ("Witnesses are not under [Rule 6(e)(2)'s] prohibition unless they also happen to fit into one of the enumerated classes."); *In re Grand Jury Investigation*, 610 F.2d 202, 217 (5th Cir. 1980) ("Rule

---

[4] FBRE maintains that unsealing the docket would not reveal any matter before the grand jury, but in all events, FBRE's willingness to disclose the information would moot any otherwise-applicable restrictions under Rule 6(e).

[5] The following persons are bound by Rule 6(e)'s prohibition on disclosures: "(i) a grand juror; (ii) an interpreter; (iii) a court reporter; (iv) an operator of a recording device; (v) a person who transcribes recorded testimony; (vi) an attorney for the government; or (vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii)." Fed. R. Crim. P. 6(e)(2)(B).

6(e) does not prevent disclosures by a witness who testifies before the grand jury.").

Indeed, the Subpoena itself notes that "the law does not prohibit disclosure."

Subpoena at 1. Although DOJ could have sought a court order restricting disclosure,

it declined to do so.

Moreover, one of the primary bases for the grand jury secrecy rule is to protect

targets or witnesses from public embarrassment or harassment. *See Douglas Oil Co.*

*of California v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979) (noting that without the

secrecy rule, "witnesses who appeared before the grand jury would be less likely to

testify fully and frankly, as they would be open to retribution as well as to

inducements"); *id.* ("[B]y preserving the secrecy of the proceedings, we assure that

persons who are accused but exonerated by the grand jury will not be held up to

public ridicule."). But here, FBRE is the witness of whom documents are requested,

and its willingness to unseal the record renders those interests irrelevant, even if

unsealing the docket did require disclosing some matter before the grand jury.

Accordingly, this Court should unseal the docket in this case for the additional

reason that FBRE, the subpoenaed witness, seeks its disclosure.

### 3. Unsealing the Docket Is Appropriate Because the Information in the Sealed Filings Is Publicly Known.

The Court should also grant FBRE's request to unseal the docket because

doing so would not reveal any information not already known to the public. In

particular, FBRE's Motion does not disclose any non-public information, other than

10

the existence of the Subpoena itself. To the contrary, the Administration and DOJ officials have repeatedly made public statements about the purported investigation into the 2020 election in Fulton County. For example, the President continues to claim that his political opponents in Fulton County "cheated like dogs,"[6] and earlier this year, he posted the following on social media: "This is exactly why the FBI raided the election center today in Fulton County, Atlanta, Georgia. This is only the beginning. *Prosecutions are coming*.") (emphasis added).[7] The FBI Director has similarly stated, "'[W]e are going to be making arrests, and it's coming.'"[8] And as stated above, the now Acting Attorney General has confirmed in at least one television interview that there is "a grand jury investigation being run by the FBI."[9]

---

[6] Sarah Kallis, *Trump visits Georgia, a target of his election falsehoods, as Republicans look for midterm boost*, Associated Press (Feb. 20, 2026), https://www.gpb.org/news/2026/02/20/trump-visits-georgia-target-of-his-election-falsehoods-republicans-look-for-midterm.

[7] Donald J. Trump (@realDonaldTrump), Truth Social (Jan. 29, 2026, at 6:01 a.m.), https://truthsocial.com/@realDonaldTrump/posts/115978045822911393 (reposted from The SCIF, @TheSCIF).

[8] Brentin Mock, *FBI Director says arrests 'coming soon' on 2020 rigged election conspiracy*, Democracy Docket (Apr. 19, 2026), https://www.democracydocket.com/news-alerts/fbi-director-says-arrests-coming-soon-on-2020-rigged-election-conspiracy/ (quoting FBI Director Kash Patel).

[9] Tim Hains, *Deputy AG Todd Blanche: FBI Had A Warrant From Federal Grand Jury To Investigate 2020 Georgia Election Fraud Allegations*, RealClear Politics (Feb. 1, 2026), https://www.realclearpolitics.com/video/2026/02/01/deputy_ag_todd_blanche_fbi_had_a_warrant_from_federal_grand_jury_to_investigate_2020_voter_georgia_fraud_allegations.html.

Such public disclosures moot any purported need for secrecy because "if everyone already knows about a matter occurring before the grand jury, then sealing is no longer 'necessary to prevent [its] disclosure.'" *In re Federal Reserve Grand Jury Subpoena*, 2026 WL 710202, at *11 (quoting Fed. R. Crim. P. 6(e)(6)); *see also In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007) ("[G]rand jury secrecy is not unyielding when there is no secrecy left to protect.") (internal quotation marks and citation omitted); *In re Petition of Craig*, 131 F.3d 99, 107 (2d Cir. 1997) (noting that the extent to which grand jury material has been made public should be considered in the disclosure context because "even partial previous disclosure often undercuts many of the reasons for secrecy"); *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994) ("The purpose in Rule 6(e) is to preserve secrecy. Information widely known is not secret."); *In re Charlotte Observer (A Div. of Knight Pub. Co. & Herald Pub. Co.)*, 921 F.2d 47, 50 (4th Cir. 1990) (reversing district court order not to disclose name of grand jury investigation's target where after the target was identified in open court, "the cat [was] out of the bag.").

And even on its face, the Subpoena does not disclose any confidential information. Rather, as explained in FBRE's Motion, the Subpoena is staggeringly overbroad and requests personal information for *thousands* of election workers and volunteers. *See* Mot. at 14–18. While this defect renders the Subpoena defective and merits quashal, it also leaves any reader unable to discern confidential information

12

such as "the pattern of the grand jury investigation or the deliberations of the grand jury." *Phillips*, 843 F.2d at 441. Nor does the Subpoena provide enough information to extrapolate as to "the identity of persons who will be called to testify" or "when the grand jury will return an indictment." *In re Grand Jury Investigation*, 610 F.2d at 217. Because unsealing the docket in this ancillary proceeding will not result in a disclosure of any non-public information, this Court should grant the motion to unseal.

### 4. There Is a Compelling Public Interest in Unsealing the Docket in This Matter.

The significant public interest in this matter constitutes additional grounds for unsealing the docket. "[T]he common-law right of access to judicial proceedings" is a "right grounded in the democratic process, as '[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Chi. Trib. Co.*, 263 F.3d at 1309 (quoting *Landmark Comm. v. Virginia*, 435 U.S. 829, 839 (1978)); *see also Newman*, 696 F.2d at 803 ("This right [of public access] is important if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.").

In this matter, DOJ is seeking the sensitive, personal information of thousands of election workers and volunteers from the 2020 election, despite the fact that the statute of limitations has lapsed on any purported crimes involving the administration of that election. *See* Mot. at 12–14. The public has a compelling

13

interest in DOJ's efforts to collect such personal information on a broad swath of election workers and volunteers. And given the lack of any potentially prosecutable offense, there is no sufficiently strong interest in keeping this matter under seal. *Cf. Ochoa-Vasquez*, 428 F.3d at 1030 (party seeking to overcome presumption of access must show "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest") (internal quotation marks and citation omitted); *In re Four Search Warrants*, 945 F. Supp. 1563, 1568–69 (N.D. Ga. 1996) ("ongoing investigation would not be compromised" by release of information "widely available to the public," particularly given public interests such as "the public's right to understand the legal process, the preservation of the integrity of the fact-finding process, and the furtherance of the appearance of fairness").

In addition, even if the filings in this matter did reveal any matter before the grand jury, several courts have found that substantial public interest in a case may still justify unsealing records. *See, e.g.*, *In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former Vice President Pence*, 678 F. Supp. 3d 135, 145 (D.D.C. 2023) (releasing portions of grand jury transcripts involving former Vice President Mike Pence, in part because the court was resolving a "novel constitutional dispute" and because Mr. Pence's "invocation of the Speech or Debate Clause and this Court's resolution of the ensuing

14

controversy carry far-reaching public implications"); *In re North*, 16 F.3d at 1245 (unsealing final report on Iran Contra investigation, despite its inclusion of grand jury materials, and noting that "it is in the public interest that this matter of extended national controversy be afforded as full a conclusion as possible"); *Special Feb. 1971 Grand Jury v. Conlisk*, 490 F.2d 894, 898 (7th Cir. 1973) ("Because the maintenance of police integrity and credibility is essential to public confidence, the disclosure of testimony by policemen to a police board in order to discipline those abusing public offices is a sufficient public interest to override the policy of shielding the grand jury from public scrutiny."). Because the public interest is similarly substantial in this matter, the Court should unseal the docket.

### D. Conclusion

For the foregoing reasons, this Court should unseal the docket and the filings in this action.

Respectfully submitted, this 14th day of May, 2026.

[SIGNATURES ON FOLLOWING PAGE]

*/s/ Y. Soo Jo*
Y. Soo Jo
Georgia Bar No. 385817
OFFICE OF THE FULTON
COUNTY ATTORNEY
141 Pryor St. SW, Suite 4038
Atlanta, Georgia 30309
Tel.: (404) 612-0246
soo.jo@fultoncountyga.gov


*/s/ Abbe David Lowell*
Abbe David Lowell*
John Bolen*
LOWELL & ASSOCIATES, PLLC
1250 H Street NW
Washington, D.C. 20005
Tel.: (202)-964-6110
jbolen@lowellandassociates.com
alowellpublicoutreach@
lowellandassociates.com

*/s/ Kamal Ghali*
Kamal Ghali
Georgia Bar No. 805055
Matthew A. Josephson
Georgia Bar No. 367216
Michael C. Duffey
Georgia Bar No. 710738
CHAIKEN GHALI LLP
One Atlantic Center
1201 W. Peachtree St. NW, Suite 2300
Atlanta, Georgia 30309
Tel.: (404) 795-5005
kghali@chaikenghali.com
mjosephson@chaikenghali.com
mduffey@chaikenghali.com


*/s/ Stephen Jonas*
Stephen Jonas*
Norman Eisen*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, Suite 1580
Washington, D.C. 20003
Tel.: (202) 594-9958
steve@democracydefenders.org
norman@democracydefenders.org


*Counsel for Fulton County Board of Registration and Elections*

*\*Application for admission pro hac vice forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court via email. I further certify that I have this day served Counsel for Respondent with a copy of the same document via email.

This 14th day of May, 2026.

/s/ *Michael C. Duffey*
Michael C. Duffey