**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

In Re: Grand Jury Subpoena No.
2026R00350-01                                    Case No.: 1:26-mi-88

---

**MEMORANDUM OF LAW IN SUPPORT OF PROPOSED
MEDIA INTERVENORS' MOTION TO INTERVENE
AND FOR ACCESS TO COURT RECORDS**

This motion seeks greater transparency into an ongoing legal dispute that

implicates the 2020 election, the rights of election workers in Georgia, and the

electoral process throughout the United States.

On April 20, 2026, the Federal Bureau of Investigation ("FBI") served a

grand jury subpoena on the Fulton County Board of Registrations and Elections

("Fulton County") seeking personal contact information for thousands of staff and

volunteers in the November 2020 general election in Georgia.  *See* Subpoena No.

2026R00350-01 (Ex. A) ("Subpoena") at 3.  On May 4, 2026, Fulton County

publicly filed a motion to quash that Subpoena, arguing that it was an

unconstitutional and improper attempt to "harass … the President's perceived

political opponents."  *See* Mot. to Quash (Ex. B) ("Motion to Quash") at 1-2.

Multiple news outlets have reported on the Subpoena and Fulton County's

Motion to Quash, which were initially filed on the public docket and then later

sealed.[1]  Fulton County Commission Chairman Robb Pitts has spoken publicly

about the Subpoena and issued public statements calling it "outrageous federal

overreach designed to intimidate and chill participation in elections."[2]  Lawmakers

across Georgia, including both U.S. Senators, have voiced concerns about the

privacy risks of a Subpoena they view as "deeply troubling."[3]

---

[1] *See, e.g.*, Kaanlta Iyer, *Fulton County asks court to stop DOJ subpoena of 2020 election workers' personal information*, CNN (May 5, 2026), https://www.cnn.com/2026/05/05/politics/fulton-county-doj-subpoena-2020-election; Gary Grumbach and Megan Lebowitz, *DOJ sends subpoena to Georgia officials for personal information about 2020 election workers*, NBC NEWS (May 5, 2026), https://www.nbcnews.com/politics/trump-administration/doj-asks-georgia-officials-personal-information-2020-election-workers-rcna343673; Ava-joye Burnett, *Georgia digs in to protect personal information of election workers from DOJ inquiry*, SCRIPPS NEWS (May 13, 2026), https://www.scrippsnews.com/politics/midterm-elections/georgia-digs-in-to-protect-personal-information-of-election-workers-from-doj-inquiry.

[2] Nick Corasaniti, Richard Fausset, and Alan Feuer, *Trump Administration Demands Names of 2020 Election Workers in Georgia*, THE NEW YORK TIMES (May 4, 2026), https://www.nytimes.com/2026/05/04/us/politics/trump-2020-georgia-election-workers.html; *Pitts calls federal subpoena voter intimidation*, FOX 5 NEWS (May 5, 2026), video at 0:55-1:29, https://www.fox5atlanta.com/video/fmc-imp8hovndin075b0.

[3] *Georgia lawmakers press DOJ for details on subpoena for Fulton County election worker information,* ATLANTA NEWS FIRST (May 12, 2026), https://www.atlantanewsfirst.com/2026/05/12/georgia-lawmakers-press-doj-details-subpoena-fulton-county-election-worker-information/; Ltr. from R. Warnock to T. Blanche (May 8, 2026), *available at* https://www.warnock.senate.gov/wp-content/uploads/2026/05/05.08.2026-Letter-to-Acting-AG-Blanche-re-Fulton-County-Subpoena.pdf.

Given the historic importance of and immense public interest in this case, 10 news organizations (together, the "Media Intervenors") now move to intervene in this matter for the limited purpose of seeking an order (1) unsealing and providing public access to Fulton County's Motion to Quash and the Subpoena (both of which were originally filed publicly), as well as any other documents filed in this case; (2) establishing public access to the docket; and (3) requiring that any additional documents in this litigation be filed publicly moving forward.

As representatives of the public, the Media Intervenors— Advance Publications, Inc.; Bloomberg L.P., the publisher of Bloomberg News; Cable News Network, Inc.; The E.W. Scripps Company; Gray Local Media, Inc., d/b/a WANF; NBCUniversal Media, LLC d/b/a NBCUniversal News Group; The New York Times Company; Pro Publica, Inc.; Reuters News & Media Inc.; and WP Company LLC d/b/a *The Washington Post* —have a powerful right of access to court records, and the immense public interest in this case outweighs any purported interest in keeping these records, and, indeed, entire proceedings, secret.

## **BACKGROUND**

On April 20, 2026, the FBI served the Subpoena on Fulton County, seeking to compel production of the names, home addresses, telephone numbers, and email addresses for all of the staff and volunteers who served in the November 2020 general election in Georgia.  Ex. A at 3.

On May 4, 2026, Fulton County moved to quash the Subpoena on the grounds that it intrudes on the First Amendment rights of "thousands of Fulton County election workers and volunteers," violates Georgia's "sovereign authority to administer elections," and improperly attempts to "target, harass, and punish the President's perceived political opponents." Ex. B at 1-2. Fulton County filed its Motion to Quash on the public docket in Case No. 1:26-mi-99999-UNA.

Shortly thereafter, the Court sealed the Motion to Quash, the Subpoena, and the entire docket for this action, now assigned to Case No. 1:26-mi-88. As a result of this sealing, the public does not know how—or even if—the President, the acting Attorney General, or the federal prosecutors responsible for the Subpoena have responded to these allegations. Nor will the public have access to the Court's ruling on the Motion to Quash if this blanket sealing continues.

There has been extensive litigation and public debate over President Trump's claims of election fraud in 2020, particularly in Georgia.[4] Earlier this year, the Federal Government conducted an unprecedented search and seizure of

---

[4] *See, e.g.*, Michael Martina et al., *In recorded call, Trump pressures Georgia official to 'find' votes to overturn election*, REUTERS (Jan. 4, 2021), https://www.reuters.com/world/us/recorded-call-trump-pressures-georgia-official-change-election-results-media-2021-01-03; Amy Wang, *DOJ sues Georgia county as Trump pushes debunked 2020 election fraud claims*, WASHINGTON POST (Dec. 12, 2025), https://www.washingtonpost.com/politics/2025/12/12/justice-department-lawsuit-fulton-county-2020-election.

Fulton County's election records.  That seizure garnered significant attention from Congress, the press, and the public[5] and led to an earlier litigation over Fulton County officials' motion for the return of the seized property.  *See Pitts v. United States*, No. 1:26-cv-00809-JPB (N.D. Ga.).[6]  That case, too, was originally filed under seal, until the Court ordered the docket and filings unsealed, "[g]iven the importance of the public's access to judicial proceedings."  *Id.* (Dkt. 9).

Media Intervenors are among the news organizations that moved to unseal the docket and records in that litigation and that have reported extensively on the election fraud claims and ensuing litigations and investigations since 2020, in an ongoing effort to shed light on the Federal Government's actions and motivations.

---

[5] *See, e.g.*, Hannah Rabinowitz et al., *FBI searches Fulton County elections office as it investigates alleged voter fraud*, CNN (Jan. 28, 2026), https://www.cnn.com/2026/01/28/politics/fulton-county-election-office-fbi-warrant; Doug Bock Clark & Jen Fifield, *FBI's Search of Georgia Center Is "Dangerous," Experts Warn*, PROPUBLICA (Jan. 29, 2026), https://www.propublica.org/article/fbi-fulton-county-voting-records-search-warrant.

[6] *See* Gregory Svirnovskiy, *Fulton County challenges FBI's seizure of its 2020 ballots in court*, POLITICO (Feb. 4, 2026), https://www.politico.com/news/2026/02/04/fulton-county-ballots-fbi-raid-lawsuit-00764350; Tim Darnell, *Fulton County files lawsuit seeking return of seized 2020 ballots*, ATLANTA NEWS FIRST (Feb. 4, 2026), https://www.atlantanewsfirst.com/2026/02/04/fulton-county-files-lawsuit-seeking-return-seized-2020-ballots; Kate Brumback, *Georgia Fulton County seeks return of 2020 election documents seized by FBI*, ABC NEWS (Feb. 4, 2026), https://abcnews.go.com/Politics/wireStory/georgias-fulton-county-seeks-return-2020-election-documents-129849119.

The Media Intervenors now seek to ensure the same transparency in this important proceeding.

## ARGUMENT

### I.    The Media Intervenors Have Standing to Intervene

As the Eleventh Circuit has recognized, "[t]he press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records." *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1170 (11th Cir. 2019); *see also Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983); Fed. R. Civ. P. 24.  The Media Intervenors are news organizations that have been covering the Motion to Quash, the Subpoena, and other ongoing claims and investigations regarding the 2020 election in Georgia, and they therefore have standing to intervene for the limited purpose of seeking access to requested records.

### II.    The Court Should Make the Requested Records Public Because Grand Jury Secrecy Rules Do Not Require Their Continued Sealing

While Federal Rule of Criminal Procedure 6(e) ordinarily restricts disclosure of "a matter occurring before the grand jury," sealing of "[r]ecords, orders, and subpoenas relating to grand-jury proceedings" is required only as "necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." *Compare* Fed. R. Crim. P. 6(e)(2)-(3), *with* Fed. R. Crim. P. 6(e)(6).  The public statements by Fulton County (the recipient of the Subpoena), the public discussion

of the Subpoena, and the original, public filing of the Motion to Quash all warrant the unsealing of this case.

As the District Court for the District of Columbia explained in a strikingly similar case, "judicial proceedings relating to, but at arm's length from" the grand jury, including proceedings "resolving a grand-jury witness's motion to quash a subpoena . . . are not themselves subject to grand-jury secrecy." *In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former Vice President Pence* ("*In re Pence*"), 678 F. Supp. 3d 135, 140 (D.D.C. 2023) (citing *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 498 (D.C. Cir. 1998)); *see also United States v. Captive Alternatives, LLC*, No. 8:22-CV-406-TPB-CPT, 2023 WL 2885932, at *16 (M.D. Fla. Feb. 13, 2023) (rejecting request under Rule (6)(e)(6) to seal motion practice simply because it would reveal the existence of a grand jury investigation into a party), *R. & R. adopted as modified*, 2023 WL 2885660 (M.D. Fla. Mar. 8, 2023).

These ancillary proceedings are instead governed by Rule 6(e)(6), which "requires that 'records, orders, and subpoenas relating to grand-jury proceedings' remain sealed *only* 'to the extent and as long as necessary to prevent the unauthorized disclosure' of such matters." *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154 (D.C. Cir. 2007) (emphasis added).  Put differently,

where the need for secrecy as to the identity of grand jury witnesses or their substantive testimony ends, the public's right to additional information begins.

Moreover, grand jury matters can lose their protection "if they are disclosed by a witness before the grand jury" or if "they become sufficiently widely known." *In re Cheney*, No. 23-5071, 2024 WL 1739096, at *3 (D.C. Cir. Apr. 23, 2024) (cleaned up); *see In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994) ("There must come a time, however, when information is sufficiently widely known that it has lost its character as Rule 6(e) material."); *In re Charlotte Observer (A Div. of Knight Pub. Co. & Herald Pub. Co.)*, 921 F.2d 47, 50 (4th Cir. 1990) (reversing order enjoining dissemination of grand jury information because "the cat is out of the bag" and "[o]nce announced to the world, the information lost its secret characteristic"); *Captive Alternatives, LLC*, 2023 WL 2885932, at *16 ("[If] a sealed grand jury item becomes sufficiently widely known, it may lose its character as Rule 6(e) material." (cleaned up)).

Grand jury secrecy exists in part to protect those summoned before it from stigma, *see Trump v. Vance*, 591 U.S. 786, 804 (2020), but witnesses are not bound by grand jury secrecy rules, *see* Fed. R. Crim. P. 6(e)(2) (no obligation of secrecy imposed on subpoena recipient).  Here, the grand jury witness—Fulton County—

chose to disclose the Subpoena and publicize the fact that it was moving to quash.[7]

Chairman Pitts issued public statements and spoke openly to the press about the

reasons for the Motion to Quash.[8]  Lawmakers sent a letter to the Department of

Justice expressing their concerns about the Subpoena.[9]  Fulton County also filed its

Motion to Quash, attaching the Subpoena, on the public docket at the outset of this

proceeding.  This information has been "announced to the world" and thus any

"secret characteristic" has been lost.  *See In re Charlotte Observer*, 921 F.2d at 50.

Because this District does not appear to have addressed the issue of publicly

filed or disclosed ancillary proceedings, litigation in the U.S. District Court for the

District of Columbia, also over the 2020 election, may be instructive.  In one such

case, former Vice President Pence had publicly disclosed his receipt of a grand

jury subpoena and his reliance on the Speech and Debate Clause in his motion to

quash that subpoena.  *In re Pence*, 678 F.Supp.3d at 143.  A press coalition

(including several of the Media Intervenors) sought access to the ancillary

proceeding over Pence's motion to quash.  The Court granted the motion to unseal,

as "[t]he heart of what the Press asks for here . . . is the legal discussion

---

[7] *See, e.g.*, Grumbach, *supra* n.1 (quoting Pitts, "This harassment should not be allowed, so we have asked the Court to act. I will always stand up for our elections workers and for the truth.").

[8] *See, e.g.*, FOX 5 NEWS, *supra* n.2.

[9] *See* Ltr. From Warnock to Blanche, *supra* n.3.

surrounding the dispute Pence has already revealed." *Id.* at 143. The Court also noted the importance of the legal claims at issue, regarding separation of powers, and allowed limited redactions as necessary to protect other, ongoing grand jury proceedings. *Id.* at 145-46.

Here, Fulton County chose to waive grand jury secrecy, publicize its receipt of the Subpoena and filing of the Motion to Quash, and file the Motion on the public docket. The current sealing is not necessary or appropriate under Rule 6(e)(6), as the Motion to Quash and the Subpoena have lost any grand jury character that they once had. Unsealing of the requested records, even with the narrow redaction of any Rule 6(e) information that would disclose still-secret details about grand-jury proceedings, would thus shed much needed light on the legal discussion of the dispute that Fulton County has already made public and the constitutional issues that it raises. *See id.*; *cf. Butterworth v. Smith*, 494 U.S. 624, 630 (1990) ("the invocation of grand jury interests is not some talisman that dissolves all constitutional protections") (internal marks omitted).[10] The Media Intervenors therefore respectfully request that the Court unseal the Motion to Quash, the Subpoena, and any other forthcoming filings in this case.

---

[10] In *Butterworth*, the Supreme Court held that a state law prohibiting grand jury witnesses from publicly disclosing their testimony violated the First Amendment, as the Court must balance "First Amendment rights against [the state's] interest in preserving the confidentiality of its grand jury proceedings." 494 U.S. at 630.

## III.    The Court Should Establish a Public Docket.

The Court should also establish a public docket for this litigation, as court dockets are entitled to a presumption of public access.  *See United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993) (holding that a "sealed docket" is "an unconstitutional infringement on the public and press's qualified right of access to criminal proceedings").[11]  The docket in this case is currently sealed in its entirety, and such a sealed docket is especially troubling because it "can effectively preclude the public and the press from seeking to exercise their constitutional right of access."  *Id.*; *United States v. Fierer*, No. 96-cr-294, 1997 WL 445937, at *2 (N.D. Ga. July 25, 1997); *see also United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1029 n.15 (11th Cir. 2005) ("The docket sheet forms an integral part of a criminal proceeding, acting as both an index and a publication.").

Even if the Motion to Quash or some subsequent filing were properly sealed to protect grand jury materials (and as shown above, they currently are not *properly* sealed), there is no basis to seal the docket itself, particularly where the existence and subject matter of this litigation are already public.  So long as the docket remains sealed, the public and press cannot see even the type of records filed or what judicial actions have been taken in the case.  Moreover, to the extent

---

[11] *See also, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 268-69 (4th Cir. 2014); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96, 102 (2d Cir. 2004).

11

parties seek to file documents under seal, they can and should be required to file a motion to do so, on a document-by-document basis, pursuant to this Court's sealing procedures and governing law, in order to ensure maximum transparency in this important and closely watched case.

## CONCLUSION

For the foregoing reasons, the Media Intervenors respectfully request that the Court grant their motion to intervene, establish a public docket in this matter, and unseal the Subpoena, Fulton County's Motion to Quash, and any other filings that have been or may be filed in this matter.

Respectfully submitted, this 15th day of May 2026,

BALLARD SPAHR LLP

*/s/ Jacquelyn N. Schell*
Jacquelyn N. Schell (Ga. Bar No. 111002)
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: 646.346.8048
Facsimile: 212.223.1942
schellj@ballardspahr.com

*Counsel for the Proposed Media Intervenors*

12

## CERTIFICATE OF COMPLIANCE WITH LR 7.1(D), N.D. Ga.

Pursuant to LR 7.1(D), N.D. Ga., the undersigned counsel hereby certifies that this filing has been prepared with one of the font and point selections approved by the Court in LR 5.1(C), specifically, Times New Roman, 14 point font.

Respectfully submitted, this 15th day of May 2026,

/s/ Jacquelyn N. Schell
Jacquelyn N. Schell (Ga. Bar 111002)
*Counsel for the Proposed Media Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, I filed the foregoing Memorandum of Law in Support of Proposed Media Intervenors' Motion to Intervene and for Access to Court Records with the Clerk of the Court via email at criminal_sealed@gand.uscourts.gov.

On the same date, I also served copies of the foregoing via email to the following individuals, who, to the best of my knowledge, are involved in or represent parties in this matter.

Terry M. Meinecke
Assistant United States Attorney
Middle District of North Carolina
terry.meinecke@usdoj.gov

Soo Jo
County Attorney for Fulton County
soo.jo@fultoncountyga.gov

13

Abbe David Lowell
John Bolen
LOWELL & ASSOCIATES, PLLC
jbolen@lowellandassociates.com
alowellpublicoutreach@
lowellandassociates.com

Kamal Ghali
Matthew A. Josephson
Michael C. Duffey
CHAIKEN GHALI LLP
kghali@chaikenghali.com
mjosephson@chaikenghali.com
mduffey@chaikenghali.com

Stephen Jonas
Norman Eisen
DEMOCRACY DEFENDERS FUND
steve@democracydefenders.org
norman@democracydefenders.org

Respectfully submitted, this 15th day of May 2026,

/s/ Jacquelyn N. Schell
Jacquelyn N. Schell (Ga. Bar 111002)
*Counsel for the Proposed Media Intervenors*

14