## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE GRAND JURY SUBPOENA NO. 2026R00350-01

Case No. 1:26-cv-02777-WMR

## FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS' OPPOSITION TO RESPONDENT'S REQUEST FOR *EX PARTE* REVIEW OF AFFIDAVIT AND SUPPLEMENTAL BRIEF

### INTRODUCTION

Because Respondent cannot establish that its sweeping and unprecedented grand jury subpoena is reasonable, *see* Fed. R. Crim. P. 17(c)(2), it has resorted to using ex parte and in camera submissions—a process that would insulate whatever evidence it presents from any adversarial scrutiny whatsoever. But "[i]n camera proceedings are extraordinary events in the constitutional framework because they deprive the parties against whom they are directed of the root requirements of due process." *In re Taylor*, 567 F.2d 1183, 1187–88 (2d Cir. 1977). The use of "in camera affidavits," in particular, "has generally been disfavored," *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 580 (D.C. Cir. 1996) (emphasis added).[1]

---

[1] Notably, *Armstrong* involved a party's request for in camera review in a Freedom of Information Act ("FOIA") lawsuit. But even in the context of FOIA, which provides a limited statutory authorization for in camera review, the ex parte consideration of affidavits requires courts to explain "why none of that affidavit could be shared with [the other party]." *Armstrong*, 97 F.3d at 580; *see also* 5

Undaunted by the constitutional issues at play, Respondent appears to have submitted ex parte (1) an affidavit authored by the same FBI agent who submitted the now-unsealed affidavit at issue in *Pitts v. United States*, 1:26-CV-00809-JPB (N.D. Ga.) ("*Pitts*"), and (2) a supplemental brief that purports to establish a theory of wrongdoing justifying the subpoena. But Respondent has failed to establish a "compelling state interest[]," to overcome "the presumption . . . against the use of secret proceedings." *In re Taylor*, 567 F.2d at 1188. Respondent has not argued, let alone demonstrated, that allowing Petitioner Fulton County Board of Registration and Elections ("FBRE") to review these submissions would compromise grand jury secrecy. And even if Respondent's submissions did implicate grand jury secrecy concerns, the government's interest in secrecy under these circumstances would be "minimal," and outweighed by the interest in "the fundamental instrument of judicial judgment: an adversary proceeding in which both parties may participate." *Id.* (internal quotation marks and citation omitted). To the extent that the Court has any concerns about disclosure to FBRE, those concerns can and should be addressed through a narrowly tailored protective order.

---

U.S.C. § 552(a)(4)(B). Here, with no such statutory authorization, requests for in camera review are even more suspect.

**BACKGROUND**

On January 28, 2026, FBI Special Agent Hugh Raymond Evans submitted an affidavit in support of a search warrant authorizing the seizure of Fulton County election records. Pet'r Ex. 4 (Doc. 17-5). In subsequent litigation concerning the constitutionality of that search warrant, Respondent did not oppose the unsealing of the search warrant affidavit. *See Pitts*, Docs. 9, 22. Judge Boulee thus unsealed the affidavit, and it became part of the public record. *Id.*, Docs. 22-1, 22-2.

Though Judge Boulee did not require SA Evans to defend his allegations under cross-examination, Petitioners in *Pitts* had the opportunity to challenge the validity of the affidavit, identify material omissions, and to subject the affidavit to adversarial scrutiny. That adversarial process led Judge Boulee to conclude that the affidavit contained "misleading" allegations, *id.* at 36; was "defective in some respects," *id.*; and had multiple "problematic" features, *id.* at 37.

Respondent initially relied on the *Pitts* affidavit to justify the reasonableness of its subpoena in this case, *see, e.g.*, Cross-Mot. (Doc. 9) at 3, 13, 16–17. But in its opposition to the motion to quash, Respondent noted its interest in "proffer[ing] an in camera showing of findings from its analysis of the seized ballots, the revelation of which to [FBRE] or the public would impair the prospects of the ongoing investigation." *Id.* at 3.

At the May 19 hearing before the Court, Respondent submitted "an affidavit from [SA Evans,] the investigative agent" who "wrote the affidavit for the search warrant" for in camera review. *See* May 19, 2026, Transcript of Hearing on Motion to Quash (Doc. 16) ("Transcript") at 67. After receiving that affidavit, the Court noted that any ex parte reliance on SA Evans's affidavit may require the agent to testify and to be subject to the Court's questioning. *Id.* at 68. The Court also cautioned that if Respondent wanted to proceed ex parte, "there may need to be some disclosure to opposing counsel with a protective order so that [the Court] can hear a different perspective so [it is] not only hearing one perspective on that." *Id.* at 86.

After the May 19 hearing, the Court ordered supplemental briefing from the parties, including a brief from Respondent regarding its purported basis for the grand jury subpoena. *See* May 22 Order (Doc. 15) at 1–2 ("Respondent shall also file a separate brief addressing any arguments concerning any potential theory of wrongdoing that it contends supports the subpoena at issue . . . .").

On June 5, 2026, Respondent filed a two-page motion for leave to submit its supplemental post-hearing brief for in camera review under seal. (Doc. 32). In support of its perfunctory motion, Respondent offered no justification for secrecy except for citations to *United States v. R. Enters., Inc.*, 498 U.S. 292, 302 (1991) and *In re Grand Jury Empaneling of Special Grand Jury*, 171 F.3d 826, 836 (3d Cir. 1999). But neither of those cases nor any other authority supports granting

4

Respondent's request for ex parte treatment of either (1) the affidavit, or (2) its supplemental brief that appears to rely on the ex parte affidavit.

## ARGUMENT

### I.    GRAND JURY SECRECY RULES DO NOT COVER THE AFFIDAVIT OR THE SUPPLEMENTAL BRIEF

Ex parte proceedings "can only be justified and allowed by compelling state interests." *United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992) (quoting *In re Taylor*, 567 F.2d at 1187–88). "[N]ot only is it a gross breach of the appearance of justice when the defendant's principal adversary is given private access to the ear of the court, it is a dangerous procedure." *Haller v. Robbins*, 409 F.2d 857, 859 (1st Cir. 1969).

Though grand jury secrecy concerns can constitute a compelling interest in some (but not all) cases, Respondent does not assert that the Rule 6(e) grand jury secrecy requirements apply to the ex parte affidavit and supplemental brief. Nor could it on this record.

Rule 6(e) provides secrecy protections for "a matter occurring before the grand jury." The rule does not require secrecy of criminal investigations in general; rather, it is limited to the grand jury's actual, independent investigation and evidence obtained from it. *See United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988) ("[O]nly documents that reveal some secret aspect of the grand jury investigation should be subject to the restrictions of rule 6(e)."). Courts recognize that Rule 6(e)

secrecy covers "the identities of witnesses or jurors, the substance of testimony as well as actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1139–40 (D.C. Cir. 2006) (internal quotation marks and citation omitted).

On the other hand, when a government investigator simply authors an affidavit based on his or her own investigation and does not incorporate evidence gathered by the grand jury itself, disclosure of the affidavit in open court is usually appropriate. *See In re Grand Jury Subpoena (Legal Servs. Ctr.)*, 615 F. Supp. 958, 966 (D. Mass. 1985) ("Disclosure of the affidavit in open court is particularly appropriate where, as here, the information contained therein is a fruit of the Government's own investigatory activity and does not bear the imprint of the Grand Jury's independent initiative.") (internal quotation marks and citation omitted); *In re Grand Jury Proceedings*, 814 F.2d 61, 72 (1st Cir. 1987) ("In camera proceedings are extraordinary events; the presumption is against such proceedings when rights of individuals are to be adjudicated.") (internal quotation marks and citation omitted); *United States v. Lilly*, 185 F.R.D. 113, 114–15 (D. Mass. 1999) ("It also appears that the agent who made out the affidavit relied at least in part on independent investigations and other non-grand jury derived evidence, thus weakening the claim for protection.").

Here, Respondent does not argue, let alone show, that either the ex parte affidavit or the supplemental brief contain evidence gathered by an independent grand jury investigation. To the contrary, Respondent has expressly requested in camera review of evidence reflecting the results of the FBI's investigation. *See, e.g.*, Cross-Mot. at 3 ("[T]he government proffers an in camera showing of findings from its analysis of the seized ballots . . . ."); Transcript at 67–68 (submitting the affidavit of an FBI agent for in camera review). Although Respondent suggests the *ex parte* affidavit from the same FBI agent is "new," Transcript at 67, the only new evidence identified in Respondent's opposition memorandum is the *agent's* purported analysis of Fulton County election records—not grand jury testimony or anything of the like. *See* Cross-Mot. at 3. In short, Rule 6(e) does not require that the affidavit and the supplemental brief remain secret in this case.

## II. THE INTEREST IN ADVERSARIAL SCRUTINY OUTWEIGHS RESPONDENT'S INTEREST IN SECRECY

Even if Respondent's affidavit and brief implicated grand jury materials, that fact alone is not enough to justify in camera review. *See In re Taylor*, 567 F.2d at 1187–88 ("[T]he court's in camera examination of the affidavit *and grand jury minutes* was not justified by the need for grand jury secrecy in this case . . . In the present case, the Government's interest in the secrecy of the grand jury minutes in question is minimal.") (emphasis added); *See also In re Special September 1978 Grand Jury (II)*, 640 F.2d 49, 56–57 (7th Cir.1980) (necessity of preserving grand

jury secrecy weak where evidence to be revealed is merely a government affidavit not containing testimony elicited from grand jury witnesses, disclosure of which will not discourage grand jury witnesses from testifying).

Respondent asserts that secrecy is necessary because disclosure of the affidavit would "impair the prospects of the ongoing investigation." *See* Cross-Mot. at 3. But that assertion is unsupported. Aside from counsel's speculation at the May 19 hearing that revealing any ex parte submission to FBRE might "alert[] the possible targets of the course of the United States investigation," Transcript at 12, Respondent has offered no rationale for submitting the affidavit or its supplemental brief in camera. Moreover, nothing about this purported investigation into potential six-year-old offenses has been secret.

Respondent cannot show that grand jury secrecy concerns justify in camera review of its submissions. Though Respondent relies on *United States v. R. Enterprises, Inc.*, 498 U.S. 292 (1991) to support proceeding in camera, nothing in *R. Enterprises* demands that the Court shield the affidavit or the supplemental from adversarial scrutiny. Indeed, the Court was "confident that *district courts will be able to craft appropriate procedures* that balance the interests of the subpoena recipient against the strong governmental interests in maintaining secrecy, preserving investigatory flexibility, and avoiding procedural delays." *Id.* at 302 (emphasis added). In determining those "appropriate procedures," a court must endeavor to

balance the government's interest in maintaining secrecy against "the interests of the adversary process." *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1385 (D.C. Cir. 1979) (in camera review in FOIA litigation).

### A. Respondent's Interest in Keeping the Affidavit and Supplemental Brief Secret Is De Minimis.

Respondent's interest in keeping the affidavit and supplemental brief secret is de minimis for at least five reasons. First, Respondent's investigation is widely publicized in the media. The President of the United States himself has publicly commented on the investigation. The notion that this is an investigation into an unfolding crime that requires secrecy before targets flee or evidence is destroyed is not credible.

Second, Respondent consented to unsealing the search warrant affidavit from this exact same affiant discussing this exact same investigation. *See Pitts*, Docs. 9 & 22. Accordingly, the factual basis for this investigation is already substantially public due to Respondent's own disclosure decisions. In fact, Respondent offered the exact same "ongoing criminal investigation" justification as a basis for initially sealing the search warrant affidavit in *Pitts*—claiming in boilerplate fashion that the search warrant affidavit should remain sealed because "premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution." *Pitts*, Doc. 22-1 at 18 (¶ 85); *id.* Doc. 22-2 at 18 (¶ 86). And yet

9

Respondent chose to publicly disclose that affidavit months before the grand jury subpoena at issue. Respondent has yet to identify any harm from its previous disclosure decision, and the investigation has continued without any reported issue. This investigation, moreover, has been part of the public political discourse for over five years and is a secret to no one.

Third, there is no risk that disclosure of a second affidavit will have *any* effect on the availability of witnesses. Potential witnesses are either already aware of this very public investigation or could easily learn of its details by surfing the internet. The idea that a witness would become more reluctant because of the disclosure of a second affidavit or supplemental brief ignores the well-publicized nature of this case.

Fourth, Respondent's apparent concern that disclosure of the affidavit could somehow cause FBRE to alert a particular election worker who in turn would alter the investigation is speculative and outlandish. For starters, Respondent's subpoena itself is not limited to a particular worker, a particular group of workers, or even a particular election issue. So it is anyone's guess *who* FBRE would even be able to identify based on a new affidavit. Moreover, the subpoena is directed at conduct that took place over five years ago and is barred by the statute of limitations. To credit concerns about disclosure at this point, one would have to assume that an election worker participated in a crime five years ago (which still has not been identified and is now barred by the statute of limitations), waited until Respondent executed a

10

public search warrant on FBRE's office, waited again until Respondent issued a grand jury subpoena for their personal information, waited again until Respondent drafted a second affidavit in this case, and then decided based on this "new" affidavit and brief, that it is time to disrupt the investigation in some unspecified manner. Such layered speculation does not justify keeping the affidavit and brief insulated from adversarial scrutiny.

Fifth, Respondent has not indicated that FBRE is an actual or potential defendant in any criminal proceeding, either pending or reasonably likely to follow from the public investigation it is conducting. And any secrecy interests are significantly lessened when disclosure to a governmental body is requested. *Cf. In re Request for Access to Grand Jury Materials*, 833 F.2d at 1441 (weighing public interest in favor of disclosing grand jury materials pursuant to request of government movant). In short, Respondent's de minimis interest in secrecy does not justify its requests for in camera review.

**B. The Court Has a Significant Interest in Subjecting Respondent's Claims to Adversarial Scrutiny.**

The proposed ex parte affidavit is authored by the same agent who drafted the unsealed search warrant affidavit in *Pitts*. In that case, the court had the benefit of FBRE's adversarial review of the affidavit itself and heard testimony regarding that affidavit from FBRE's expert. Through this adversarial process, Judge Boulee found that the affidavit was defective in numerous respects. *See Pitts*, Doc. 108 at 36

11

(noting that the affidavit was "defective in some respects," including through inclusion of "misleading" ballot figures); *id.* at 37 ("[T]he Court agrees with [FBRE] that such features within the Affidavit are problematic."). Respondent now argues that the same affiant should get to submit a new, secret affidavit and avoid any adversarial scrutiny whatsoever. The prior problems with the search warrant affidavit clearly illustrate need for the adversary system and its benefits to both courts and litigants.

In addition, if the affidavit is kept secret, then the Court would not hear from the party best positioned to respond to any allegations of supposed improprieties or errors in an election that Fulton County administered. Moreover, FBRE would be denied sufficient participation in this action such that significant due process concerns will arise. *See In re Taylor*, 567 F.2d at 1188 ("In camera proceedings are extraordinary events in the constitutional framework because they deprive the parties against whom they are directed of the root requirements of due process.").

## III.    ANY CONCERNS ABOUT DISCLOSURE OF THE AFFIDAVIT AND SUPPLEMENTAL BRIEF CAN BE ADDRESSED THROUGH A NARROWLY TAILORED PROTECTIVE ORDER

As explained above, Rule 6(e) does not require that Respondent's affidavit and supplemental brief remain secret in this case, and the judiciary's interest in an adversarial process far outweighs any secrecy interest. Accordingly, FBRE requests that the Court provide it access to both the affidavit and Respondent's supplemental

brief so that it can subject them to adversarial scrutiny. To the extent the Court has concerns about disclosure of certain information in the affidavit, those concerns can be addressed through targeted redactions or a narrowly tailored protective order that limits disclosure to the parties in the case.

## CONCLUSION

For the foregoing reasons, FBRE requests access to (1) the affidavit of FBI Special Agent Hugh Evans submitted for in camera review at the motion to quash hearing and (2) Respondent's supplemental brief discussing its theories of wrongdoing in support of the grand jury subpoena. FBRE further requests that upon granting access to those submissions, the Court permit FBRE to file supplemental briefing as appropriate to address any related evidentiary issues or arguments.

Respectfully submitted, this 19th day of June, 2026.

| | |
|---|---|
| */s/ Y. Soo Jo* | */s/ Kamal Ghali* |
| Y. Soo Jo | Kamal Ghali |
| Georgia Bar No. 385817 | Georgia Bar No. 805055 |
| OFFICE OF THE FULTON | Matthew A. Josephson |
| COUNTY ATTORNEY | Georgia Bar No. 367216 |
| 141 Pryor St. SW, Suite 4038 | Michael C. Duffey |
| Atlanta, Georgia 30309 | Georgia Bar No. 710738 |
| Tel.: (404) 612-0246 | CHAIKEN GHALI LLP |
| soo.jo@fultoncountyga.gov | One Atlantic Center |
| | 1201 W. Peachtree St. NW, Suite 2300 |
| | Atlanta, Georgia 30309 |
| | Tel.: (404) 795-5005 |
| | kghali@chaikenghali.com |
| | mjosephson@chaikenghali.com |
| | mduffey@chaikenghali.com |

/s/ Abbe David Lowell
Abbe David Lowell*
John Bolen*
LOWELL & ASSOCIATES, PLLC
1250 H Street NW
Washington, D.C. 20005
Tel.: (202)-964-6110
jbolen@lowellandassociates.com
alowellpublicoutreach@
lowellandassociates.com

/s/ Stephen Jonas
Stephen Jonas*
Norman Eisen*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, Suite 1580
Washington, D.C. 20003
Tel.: (202) 594-9958
steve@democracydefenders.org
norman@democracydefenders.org

*Counsel for Fulton County Board of Registration and Elections*

*\*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

This 19th day of June, 2026.

*/s/ Michael C. Duffey*
Michael C. Duffey