IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re Grand Jury Subpoena No. 2026R00350-01 | Case No. 1:26-cv-02777-WMR |

### REPLY IN SUPPORT OF MOTION TO FILE SUPPLEMENTAL POSTHEARING BRIEF OF UNITED STATES OF AMERICA IN CAMERA

The United States has a well-established compelling interest in protecting the integrity and secrecy of an ongoing criminal investigation. The Fulton County Board of Registration and Elections' ("FBRE") opposition to the Government's motion to submit its supplement brief and supporting evidence *in camera* ignores these principles in favor of precedents about completely separate procedures and statutes like the Freedom of Information Act. To force that Government to disclose its investigative theory during an active investigation would be an exceptional and extraordinary remedy. The Court should reject FBRE's invitation to break such ground.

### ARGUMENT

I. **Grand jury secrecy is implicated because the supplemental brief and affidavit reveal the strategy and direction of the government's investigation.**

"Requiring the Government to explain in too much detail the particular reasons underlying a subpoena threatens to compromise the indispensable secrecy of grand jury proceedings." *United States v. R. Enters., Inc.*, 498 U.S.

1

292, 299 (1991) (internal quotations omitted). The FBRE reads the grand jury secrecy requirement too narrowly. *See In re Grand Jury Subpoena Duces Tecum*, 782 F. Supp. 1518, 1521 n.1 (N.D. Ala. 1992) (noting that "[t]he secrecy requirement is broader than it may appear from the face of the rule itself"). Even the authority cited by FBRE recognizes that the affidavit and supplemental brief implicate grand jury secrecy. *See* (Doc. 34 at 6.) *In re Grand Jury Subpoena, Judith Miller* states that "the strategy or direction of the investigation" are covered by the grand jury secrecy requirements. 438 F.3d 1138, 1140 (D.C. Cir. 2006) (internal quotation marks and citation omitted). Clearly, a brief and supporting evidence that address theories of potential wrongdoing implicates the "the strategy or direction of the investigation," and so should be protected.

## II. The need to maintain the investigation's integrity outweighs FBRE's interest in accessing the material.

### 1. The Government has a strong interest in protecting the integrity of an ongoing criminal investigation.

The Government has a compelling interest in protecting the integrity of an ongoing criminal investigation. *In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1262 (S.D. Fla. 2022) ("At the pre-indictment stage, the Government's need to conceal the scope and direction of its investigation, as well as its investigative sources and methods, is at its zenith."); *see also Matter of Search of Clubhouse Compound of Outlaws Motorcycle Club, located at 9371 Holland*

*St., Jacksonville, Duval Cnty., Fla.*, No. 3:06-MJ-1099-HTS, 2011 WL 13273134, at *1 (M.D. Fla. Mar. 1, 2011) ("Additionally, as the subject matter underlying this miscellaneous case pertains to an ongoing criminal investigation, the Court has permitted two *in camera ex parte* filings by the United States, which provide additional detail concerning the status of the investigation and the seized items in relation to the investigation."). Thus, the Government's interest in preventing disclosure of this material is compelling.

FBRE's efforts to diminish that interest are unavailing. FBRE asserts that "nothing about this purported investigation into potential six-year-old offenses has been secret." (Doc. 34 at 8.) But, of course, if aspects were secret, FBRE would not have any insight into that part of the investigation. The United States submits that the affidavit and supplemental brief establish that there is material, non-public information collected through the investigation, and that the release of that evidence would compromise the ongoing investigation.

Moreover, FBRE's hand waving about the risks of disclosure ignores the fundamental effect it would have on the investigation. While the existence of an investigation may be public, its strategy and direction are not, given the posture of this matter. FBRE cites *In re Taylor*, 567 F.2d 1183 (2d Cir. 1977) multiple times, including for the proposition that "[e]ven if Respondent's affidavit and brief implicated grand jury materials, that fact alone is not

3

enough to justify in camera review." (Doc. 34 at 7.). The Fourth Circuit has explained that the Second Circuit's decision in *Taylor* was a unique situation because the Government was not seeking to maintain the confidentiality of the information at issue:

> In addition, the Second Circuit in *In re John Doe Corp.*, 675 F.2d 482 (2d Cir. 1982) limited *Taylor's* holding. In *John Doe Corp.*, the court noted that in *Taylor* the government's interests in secrecy were minimal because the government intended to disclose the grand jury materials to the appellant-witness during questioning before the grand jury. *Id*. at 490. **The court stated that in instances where the government did not intend to reveal the grand jury materials to the witness, *in camera* proceedings were appropriate to protect the government's interests in secrecy**. *Id*. This holding is more on point than *Taylor* because under the present case, the government intends to maintain secrecy of the ongoing grand jury investigation.

*In re Grand Jury Subpoena*, 884 F.2d 124, 126 (4th Cir. 1989) (emphasis added).

Here, the Government is seeking to maintain the secrecy of the information contained in the supplemental brief and affidavit. *Taylor* is inapposite and the Government's interest is compelling.

### 2.     The FBRE's interest is weak.

In contrast with the Government's strong interest, FBRE's own interest is minimal. FBRE warns that "if that affidavit is kept secret, then the Court would not hear from the party best positioned to respond to any allegations of supposed improprieties or errors in an election that Fulton County

administered." (Doc. 34 at 12.). FBRE even goes so far as to make the extraordinary claim that due process concerns are implicated by standard criminal procedure. (*Id.*) Courts have held otherwise. *See, e.g., In re Grand Jury Proc., Thursday Special Grand Jury Sept. Term*, 1991, 33 F.3d 342, 351 (4th Cir. 1994) ("We held that an in camera review of supporting evidence is not violative of due process. . .. ").

FBRE's stated interest—adversarial testing—has limited utility in the grand jury context. "A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated. Rather, it is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person." *United States v. Calandra*, 414 U.S. 338, 343–44 (1974); *see also United States v. Hyder*, 732 F.2d 841, 844 (11th Cir. 1984) ("[G]rand jury proceedings are not adversary in nature."). Thus, FBRE's interest in obtaining access to the materials is minimal compared to the Government's compelling interest in them remaining secret.

FBRE is correct that *R. Enterprises* directs courts "to craft appropriate procedures that balance the interests of the subpoena recipient against the strong governmental interests in maintaining secrecy, preserving investigatory flexibility, and avoiding procedural delays" in grand jury investigations. 498 U.S. at 302. Notably, the very next sentence suggest *in*

5

*camera* review as one of those procedures: "For example, to ensure that subpoenas are not routinely challenged as a form of discovery, a district court may require that the Government reveal the subject of the investigation to the trial court *in camera,* so that the court may determine whether the motion to quash has a reasonable prospect for success before it discloses the subject matter to the challenging party." *Id.* FBRE makes *in camera* submission seem outside the scope of normal practice, but "*ex parte* affidavits and *in camera* submissions are common devices in the context of grand jury investigations." *In re Grand Jury Subpoena (Legal Servs. Ctr.)*, 615 F. Supp. 958, 967 (D. Mass. 1985). The Government's request to keep the strategy of its investigation confidential is not extraordinary. It is routine, and it is the precise procedure contemplated by *R. Enterprises* for courts to use in this situation.

### III.    A Protective Order or redactions are insufficient.

In the alternative, FBRE suggests that any concerns the Government has can be addressed through redactions or a Protective Order. But that is not the case. The materials are responsive to the Court's request to "address[] any argument concerning any potential theory of wrongdoing." (Doc. 15 at 1.) The very nature of the request means that the Government's response will concern the "the strategy or direction of the investigation," implicating its interest in both grand jury secrecy and the integrity of the investigation. Even limited

6

disclosure would not adequately protect those interests. Redaction or a protective order is not feasible.

## CONCLUSION

The Court should permit the supplemental brief and accompanying affidavit to be considered *in camera*. Disclosure would compromise "the *strong* governmental interests in maintaining secrecy, preserving investigatory flexibility, and avoiding procedural delays." *R. Enters., Inc.*, 498 U.S. at 302. (emphasis added).

> */s/ DAN BISHOP*
> DAN BISHOP
> Special Attorney to the Attorney General
> and United States Attorney for the Middle
> District of North Carolina
> N.C. State Bar Number 17333
> 101 S. Edgeworth St., Fourth Floor
> Greensboro, NC 27401
> Telephone: (336) 332-6333
> E-mail: Dan.Bishop@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to LR 5.1(C) and 7.1(D), that I prepared the foregoing brief using Century Schoolbook, 13 point font.

> */s/ DAN BISHOP*
> DAN BISHOP
> Special Attorney to the Attorney General
> and United States Attorney for the Middle
> District of North Carolina