# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS, | |
| Petitioner, | CIVIL ACTION FILE NO: |
| v. | 1:26-cv-02777-WMR |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## ORDER

This matter is before the Court on Petitioner Fulton County Board of Registration and Elections' (hereinafter, "Fulton County") Motion to Unseal Docket [Doc. 7] and Movants'[1] Motion to Intervene and for Access to Court Records [Doc. 11].

---

[1] Movants include Advance Publications, Inc.; Bloomberg L.P., the publisher of Bloomberg News; Cable News Network, Inc.; The E.W. Scripps Company; Gray Local Media, Inc., d/b/a WANF; NBCUniversal Media, LLC d/b/a NBCUniversal News Group; The New York Times Company; Pro Publica, Inc.; Reuters News & Media Inc.; and WP Company LLC d/b/a The Washington Post (hereinafter the "Media Intervenors").

1

## I.    Motion to Unseal Docket [Doc. 7]

Fulton County requests that the Court unseal the docket in this case. [Doc. 7]. The United States opposes this request. At a hearing on May 19, 2026, the Court orally granted the motion and later granted the motion on the docket by minute order. *See* [Doc. 16 at 88]; [Doc. 15].[2]

Grand jury proceedings are traditionally conducted in secret, and that principle is codified in Federal Rule of Criminal Procedure 6(e). *Pitch v. United States*, 953 F.3d 1226, 1232 (11th Cir. 2020). "Rule 6(e) is exhaustive[,]" and district courts "do not possess the inherent, supervisory power to order the release of grand jury records in instances" outside of  Rule 6(e)(3)'s enumerated exceptions. *Id*. at 1241. The matters at issue in this case are not themselves grand jury proceedings. Rather, they concern whether a subpoena, seeking information that may ultimately be presented to a grand jury, should be quashed. Accordingly, Rule 6(e)'s grand jury secrecy provision does not apply.[3]

---

[2] At the hearing, the Court also stated that if the United States wished to file a response to Fulton County's motion, it may, and that the Court would revisit this decision if necessary. However, to date, the United States has not filed a response.

[3] Further, even if this case implicated grand jury secrecy concerns, Federal Rule of Criminal Procedure 6(e)(3)(E)(i) permits a court to authorize disclosure of grand jury records "preliminarily or in connection with a judicial proceeding." A party seeking disclosure must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of Ca. v. Petrol Stops NW*, 441 U.S. 211, 222 (1979). Those considerations favor disclosure here. The public has a substantial interest in access to judicial proceedings concerning the validity of a subpoena issued in connection with the 2020 Election. By contrast, the need for continued secrecy is minimal since unsealing the

At best, the materials in this case are related to a possible grand jury proceeding. Federal Rule of Criminal Procedure Rule 6(e)(6) provides that records related to grand jury proceedings should be "kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). However, only filings which "reveal some secret aspect of the grand jury investigation should be subject to the restrictions of rule 6(e)." *United States v. Phillips*, 843 F.2d 438, 441 (11th Cir. 1988).

Nothing currently filed in this case reveals any secret aspect of the grand jury investigation, and "the documents in question in no way indicate[] . . . the deliberations of the grand jury." *Id*. Accordingly, unsealing the docket will not "compromise the secrecy of the grand jury proceedings." *Id*. Instead, the Court believes, as it stated at the hearing, that "there is a legitimate overriding reason to make [these] proceedings public." [Doc. 16 at 20]; *see also In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former Vice President Pence*, 678 F. Supp. 3d 135, 140 (D.D.C. 2023) (holding that "judicial proceedings relating to, but at arm's length from" grand jury proceedings, including proceedings related to "resolving a grand-jury witness's motion to quash a subpoena . . . are not themselves subject to grand-jury secrecy.") (citation and internal

---

docket so not reveal any grand jury deliberations, witness testimony, or any other matter potentially occurring in front of the grand jury. Therefore, even assuming Rule 6(e) applies, disclosure would still be warranted.

quotations omitted).[4] Therefore, the Court grants Fulton County's Motion to Unseal. [Doc. 7].

## II.   Motion to Intervene [Doc. 11]

The Media Intervenors seek to intervene in this action. [Doc. 11]. They do not seek to participate as parties; rather, they request that the Court unseal the docket. [*Id*. at 1–2]. Because the Court has already granted Petitioner's motion [Doc. 7], the case is now unsealed. The Media Intervenors' motion is therefore moot.[5]

## III.   Conclusion

Accordingly, Petitioner's Motion to Unseal [Doc. 7] is **GRANTED** and the Media Intervenors' Motion to Intervene [Doc. 11] is **TERMINATED AS MOOT**.

**IT IS SO ORDERED** this 24th day of June, 2026.



WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

---

[4] If, at any time, either party believes that there may need to be a discussion of material that is not open to the public, the Court will consider such material on a case-by-case basis. The Parties can then, if necessary, file any matters under seal or file motions for the Court to review filings *in camera.*

[5] The unsealed docket is, of course, subject to the possibility that select filings or documents may need to be inspected *in camera* by the Court or filed under seal to protect potential confidential information.